■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CARRAWAY, Appellant.— Order, entered March 28, 1960, denying, without a hearing, defendant's motion in the nature of an application for a writ of error coram nobis to vacate a judgment rendered March 6, 1953, convicting defendant after trial of murder in the first degree and sentencing him to life imprisonment, unanimously reversed, on the law, and the matter remitted to the Supreme Court, New York County, for a hearing. Defendant Carraway's assertion that codefendant Green was promised leniency by the District Attorney is markedly consistent with the events at the trial so as to warrant a hearing to inquire into the circumstances. Moreover, the assertion stands uncontradicted. The crucial issue at the trial was whether each codefendant's confession was voluntary. When the case was reopened to permit Green to recant, confess in open court, and furnish eyewitness testimony against defendant Carraway, the court first asked Green " Any promise been made to you as to what would happen if you told the truth? " Green answered " No ". The prosecutor remained silent. Notably, Green did this all as a purported witness in his own defense, and not as

a witness for the prosecution. Only a short while later, however, he pleaded guilty to a lesser crime. The only realistic chance defendant Carraway had to gain acquittal was to prove Green's recanting testimony false. Green's motivation in changing his testimony was relevant to that issue. If the District Attorney had any understanding with Green or his counsel, whether or not Green himself knew of it, a serious issue is raised (*People* v. *Mangi*, 10 N Y 2d 86). Defendant Carraway's petition asserts that "During a recess, before Thomas Green was placed on the stand to testify against your petitioner, Thomas Green, personally, told your petitioner that the district attorney was giving him a lower plea, if he, Thomas Green, would testify against your petitioner." He states he was then too ignorant of the significance of the statement to tell his lawyer. Acceptance of any plea of guilty to a lesser crime constitutes leniency. The District Attorney recommended such a plea. A hearing is required to examine into the off-the-record circumstances. Since there is insufficient in the record on the related appeal from the judgment of conviction, or other ground for reversal, the judgment on that record has been affirmed. The hearing ordered on this *coram nobis* appeal might well include an examination of the circumstances surrounding the reopening of the case, the testimony of Green, the recommendation and acceptance of his plea of guilty, and any arrangements or understandings, explicit or implicit, between the District Attorney and Green or his attorney. Concur — Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.